Kristian K. Larsen, Esq.
DROHAN LEE & KELLEY LLP
264 West 40th Street
New York, New York 10018-1512
(212) 710-0010

*Attorneys for Defendant EMAIL DATA SOURCE, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

TIMOTHY SKENNION,

        Plaintiff,

-against-

EMAIL DATA SOURCE, INC.,
        Defendants.

------------------------------------------------------------ X

Index No.: 07 CV 7466

**ANSWER**

Defendant EMAIL DATA SOURCE, INC. (hereinafter "Defendant"), by its attorneys, Drohan Lee & Kelley LLP, responds to the Complaint of Plaintiff TIMOTHY SKENNION ("Plaintiff") as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Admits the allegations set forth in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Denies each and every allegation set forth set forth in paragraph 7 of the Complaint except to admit that Defendant hired Plaintiff as its Vice-President of sales.

8. Denies the allegations set forth in paragraph 8 of the Complaint except to admit that Plaintiff filed an action against Defendant alleging, among other things, breach of an employment agreement.

9. Denies each and every allegation set forth in paragraph 9 of the Complaint.

10. Denies each and every allegation set forth in paragraph 10 of the Complaint.

11. Denies each and every allegation set forth set forth in paragraph 11 of the Complaint.

12. Denies each and every allegation set forth in paragraph 12 of the Complaint.

13. Admits the allegations set forth in paragraph 13 of the Complaint.

14. Denies each and every allegation set forth in paragraph 14 of the Complaint.

15. Denies each and every allegation set forth in paragraph 15 of the Complaint.

16. Denies each and every allegation set forth in paragraph 16 of the Complaint.

17. Denies each and every allegation set forth in paragraph 17 of the Complaint.

18. Denies each and every allegation set forth in paragraph 18 of the Complaint.

19. Denies each and every allegation set forth in paragraph 19 of the Complaint.

20. Denies each and every allegation set forth in paragraph 20 of the Complaint.

21. Denies each and every allegation set forth in paragraph 21 of the Complaint.

22. Denies each and every allegation set forth in paragraph 22 of the Complaint.

23. Denies each and every allegation set forth in paragraph 23 of the Complaint.

### FIRST DEFENSE

24. Plaintiff's Complaint fails to state claims upon which relief may be granted.

### SECOND DEFENSE

25. Plaintiff has waived his claims, or in the alternative, should be estopped from asserting his claims.

### THIRD DEFENSE

26. Plaintiff's claims are barred by his own breaches and anticipatory breaches of his employment agreement with Defendants.

### FOURTH DEFENSE

27. Defendant has a defense of accord and satisfaction.

### FIFTH DEFENSE

28. Defendant has a defense of payment.

### SIXTH DEFENSE

29. Plaintiff's claims are barred by the Statute of Frauds.

### SEVENTH DEFENSE

30. Plaintiff's claims are barred by the Doctrine of Laches.

### EIGHTH DEFENSE

31. Plaintiff's claims are barred by the Statute of Limitations

### NINTH DEFENSE

32. To the extent that Plaintiff incurred any damages with respect to the allegations contained in his Complaint, such damages were due to the actions and conduct of Plaintiff.

## TENTH DEFENSE

33. Defendant reserves the right to raise any defense available in law of fact.

## ELEVENTH DEFENSE

34. Defendant alleges that, after appropriate discovery, other affirmative defenses may be applicable. The extent to which Plaintiff's claims may be barred by other affirmative defenses can not be determined until Defendant has had an opportunity to conduct discovery. Defendant expressly reserves the right to amend this Answer.

35. Further answering Plaintiff's Complaint, all allegations, facts and conclusions of law contained in Plaintiff's Complaint not previously admitted or denied are expressly denied by Defendant.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just.

Dated: New York, New York
September 20, 2007

> Drohan Lee & Kelley, LLP
> *Attorneys for Defendant*
>
> By: _____
> Kristian K. Larsen
> 264 West 40th Street
> New York, New York 10018-1512
> (212) 710-0006

4

## VERIFICATION

STATE OF NEW YORK   )
                    )ss.
COUNTY OF NEW YORK  )

Cullin J. Wible, being duly sworn, deposes and says:

I am co-founder and CTO of Defendant in the within action and as such am fully familiar with the facts and circumstances heretofore had herein.

Your Deponent has read the foregoing Answer and knows the contents thereof; the same is true to Deponent's own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters, Deponent believes it to be true.

_____
Cullin J. Wible

Sworn to before me this 26th
day of September, 2007

_____
Notary Public

JAE W. LEE, ESQ.
Notary Public - State of New York
No. 02LE6093965
Qualified in New York County
My Commission Expires July 21, 2011

5